UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MYRIAD GROUP AG,<br><br>    Defendant. | Case No: C 10-05604 SBA<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER and SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dkt. 59 |

The parties are presently before the Court on Plaintiff's ex parte motion for temporary restraining order ("TRO") and order to show cause regarding preliminary injunction, and request for partial stay of court order. Dkt. 59. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for TRO and GRANTS Plaintiff's alternate request for an order directing Defendant to show cause why a preliminary injunction should not be issued.

I. **BACKGROUND**

The instant action arises from a software licensing dispute between Plaintiff Oracle America, Inc. and Defendant Myriad Group AG. The Complaint filed by Plaintiff on December 10, 2010, alleges four claims for relief, as follows: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) copyright infringement, 17 U.S.C. § 101, et seq.; (3) breach of contract; and (4) violation of California's Unfair Competition Law

1  ("UCL"), Cal. Bus. & Prof. Code § 17200.  Dkt. 1.  Thereafter, Defendant filed a motion to
2  compel arbitration of all claims alleged in the pleadings.  Dkt. 18.
3        On August 15, 2011, Defendant submitted a demand for arbitration with the
4  International Centre for Dispute Resolution ("IDR") with respect to the claims alleged by
5  Plaintiff in this action.  Shohet Decl. ¶ 4 & Ex. B, Dkt. 59-1, 59-3.  Approximately two
6  weeks later, on September 1, 2011, the Court issued its ruling on Defendant's pending
7  motion to compel arbitration.  The Court granted Defendant's motion with respect to
8  Plaintiff's claim for breach of contract and denied the motion with respect to all other
9  claims.  Dkt. 42 at 12.[1]  In addition, the Court referred the matter to a magistrate judge of
10 this Court for an early, mandatory settlement conference and held the action in abeyance
11 pending the conclusion of the settlement conference.
12       The settlement conference took place on November 3, 2011 before Magistrate Judge
13 Laporte, but the case did not settle.  Dkt. 57.  The next day on November 4, 2011,
14 Defendant reinitiated the arbitration proceeding before the IDR by designating a proposed
15 arbitrator, thereby triggering a thirty-day period for Plaintiff to agree or propose an
16 alternate arbitrator.  Shohet Decl. ¶ 10; Pl.'s Mot. at 6.
17       On November 29, 2011, Plaintiff filed the instant ex parte motion for TRO and order
18 to show cause regarding preliminary injunction, and request for partial stay of court order.
19 Dkt. 59.  Plaintiff seeks to enjoin Defendant from proceeding with the arbitration before the
20 IDR and to stay the portion of the Court's September 1, 2011 Order directing the parties to
21 arbitrate Plaintiff's contract claim.

22 **II.**   **DISCUSSION**
23       A TRO under Federal Rule of Civil Procedure 65 is an extraordinary remedy that is
24 generally reserved for emergency situations in which a party may suffer immediate
25 irreparable harm.  See Whirlpool Corp. v. Marshall, 445 U.S. 1, 20 n.33 (1980) (temporary

---

[1] After receiving the Court's ruling, Plaintiff requested that Defendant dismiss its demand for arbitration before the IDR, but Defendant refused to do so.  Shohet Decl. ¶¶ 6-7.

restraining orders used for "emergency situations"); c.f., <u>Oakland Tribune, Inc. v. Chronicle Pub. Co.</u>, 762 F.2d 1374, 1377 (9th Cir. 1985) (delay in seeking injunctive weighs against a finding of urgency). No such emergency is evident in this action. Since August 15, 2011, Plaintiff has been aware of Defendant's efforts to arbitrate all of the Plaintiff's claims in a proceeding before the IDR. More recently on November 4, 2011, Defendant allegedly reinitiated the arbitration proceeding by designating a proposed arbitrator. Yet, Plaintiff waited until November 29, 2011 before filing the instant motion for TRO. In view of this delay, the Court, in its discretion, concludes that Plaintiff has not demonstrated that a sufficient exigency exists to justify imposition of a TRO. Rather, this matter is more appropriately heard in the context of Plaintiff's motion for a preliminary injunction. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's ex parte application for a TRO is DENIED. Plaintiff's request for an order to show cause why a preliminary injunction should not issue is GRANTED. By no later than <u>December 8, 2011</u>, Defendant shall file its response to Plaintiff's request for a preliminary injunction and request for partial stay. Plaintiff's reply shall be filed by no later than <u>December 13, 2011</u>. No hearing will be held on the motion unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: November 30, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge