GEOFFREY M. EZGAR (SBN 184243)
gezgar@kslaw.com
KING & SPALDING LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
Telephone:  (415) 318-1200
Facsimile:   (415) 318-1300

KEVIN R. SULLIVAN (*Admitted Pro Hac Vice*)
krsullivan@kslaw.com
TIMOTHY J. SULLIVAN (*Admitted Pro Hac Vice*)
tjsullivan@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C. 20006-4707
Telephone:  (202) 737-0500
Facsimile:   (202) 626-3737

BRIAN A. WHITE (*Admitted Pro Hac Vice*)
bwhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 572-4600
Facsimile:    (404) 572-5100

Attorneys for Defendant Myriad Group A.G.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> MYRIAD GROUP A.G. <br><br> Defendant. | Case No. 10-CV-5604-SBA <br><br> Hon. Judge Saundra Brown Armstrong <br><br> **MYRIAD GROUP A.G.'S OPPOSITION TO ORACLE AMERICA, INC.'S REQUEST FOR A PRELIMINARY INJUNCTION OR PARTIAL STAY** |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ..................................................................................................................... 6

   I.    This Court Lacks Jurisdiction To Issue the Preliminary Injunction Requested by Oracle ................................................................................................................. 6

        a.    Myriad's Appeal to the Ninth Circuit Divested This Court of Jurisdiction Over the Issue of Arbitrability ........................................ 6

        b.    This Court Lacks Jurisdiction to Enjoin the Arbitrator or the Permanent Court of Arbitration From Proceeding With the Arbitration ..................................................................................................7

   II.   This Court Recognized That the Arbitrator Has Concurrent Jurisdiction To Determine the Arbitrability of Claims Relating to the SCSL ................................... 8

   III.  Oracle's Request for an Anti-Suit Injunction Disregards the Principle of International Comity .............................................................................................. 11

   IV.  Myriad Has Not Waived Its Right to Arbitrate the Delaware Claims .................... 12

   V.   The Court Should Deny Oracle's Request to Stay the Arbitration Pending Appeal ..................................................................................................................... 15

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*522 W. 38th St. N.Y. LLC v. New York Hotel & Motel Trades Council*
  517 F. Supp. 2d 687 (S.D.N.Y. 2007) ........................................................................................ 6

*BASF Corp. v. Symington*
  50 F.3d 555 (8th Cir. 1995) ...................................................................................................... 10

*Bear, Stearns & Co., Inc. v. Lavin*
  Civ. A. No. 92-6785, 1993 WL 56061 (E.D. Pa. Mar. 1, 1993) .............................................. 12

*Bergh v. Washington*
  535 F.2d 505 (9th Cir. 1976)) .................................................................................................... 7

*Bermudez v. Duenas*
  936 F.2d 1064 (9th Cir. 1991) ................................................................................................... 6

*California ex rel. Lockyer v. U.S. Dept. of Agriculture*
  710 F. Supp. 2d 916 (N.D. Cal. 2008) ....................................................................................... 7

*China Trade and Development Corp. v. M.V. Choong Yong*
  837 F.2d 33 (2d Cir. 1987) ......................................................................................................... 7

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*
  254 F.3d 882 (9th Cir. 2001) ..................................................................................................... 6

*E. & J. Gallo Winery v. Andina Licores S.A.*
  446 F.3d 984 (9th Cir. 2006) ................................................................................................... 11

*Eagle Traffic Control, Inc. v. James Julian, Inc.*
  945 F. Supp. 834 (E.D. Pa. 1996) ............................................................................................ 14

*First Fishery Development Service, Inc., v. Lane Labs USA, Inc.*
  No. Civ. 1069-R, 1997 WL 579165 (S.D. Cal. July 21, 1997) ............................................... 10

*Gau Shan Co., Ltd. v. Bankers Trust Co.*
  956 F.2d 1349 (6th Cir. 1992) ................................................................................................. 11

*General Electric Co. v. Deutz AG*
  270 F.3d 144 (3d Cir. 2001) ......................................................................................... 1, 8, 9, 12

*Griggs v. Provident Consumer Discount Co.*
  459 U.S. 56 (1982) ..................................................................................................................... 6

*Hoffman Const. Co. of Oregon v. Active Erectors & Installers, Inc.*
  969 F.2d 796 (9th Cir. 1992) ............................................................................................. 12-13

*In re Cintas Corp. Overtime Pay Arbitration Litigation*
  No. C 06-1781 (SBA), 2009 WL 1766595 (N.D. Cal. June 22, 2009) ..................................... 6

ii

*Innovative Medical Systems, Inc. v. Augustine Medical Inc.*
  Civ. No. 04-4705, 2007 WL 3121033 (D. Minn. Oct. 23, 2007) ............................................12

*Iowa Grain Co. v. Brown*
  171 F.3d 504 (7th Cir. 1999) ................................................................................................13

*Laker Airways Ltd. v. Sabena, Belgian World Airlines*
  731 F.2d 909 (D.C. Cir. 1984) ................................................................................................8

*Mazurek v. Armstrong*
  520 U.S. 968 (1997).................................................................................................................1

*Myriad Group A.G. v. Oracle America, Inc.*
  No. 10-cv-1087 (D. Del. Dec. 10, 2010) ............................................................................ 2-3

*Owens v. Kaiser Foundation Health Plan, Inc.*
  244 F.3d 708 (9th Cir. 2001) ...................................................................................................8

*Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.*
  369 F.3d 645 (2d Cir. 2004)...................................................................................................11

*Robinson v. Jardine Ins. Brokers Int'l Ltd.*
  856 F. Supp. 554 (N.D. Cal. 1994) ..........................................................................7, 8, 11, 12

*Seattle Totems Hockey Club, Inc. v. National Hockey League*
  652 F.2d 852 (9th Cir. 1981) .................................................................................................11

*Smith v. McIver*
  22 U.S. 532 (1824)...................................................................................................................9

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*
  751 F.2d 721 (5th Cir. 1985)   .................................................................................................7

**CALIFORNIA STATE CASES**

*Biosense Webster, Inc. v. Superior Court*
  37 Cal. Rptr. 3d 759 (Ct. App. 2006).....................................................................................11

*Scott v. Industrial Acc. Comm'n*
  46 Cal. 2d 76 (1956) ................................................................................................................9

**OTHER AUTHORITIES**

18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* §4405 (1981)................................................................................................... 8-9

1976 UNCITRAL Rules, Art. 6 .......................................................................................................5

**INTRODUCTION**

Plaintiff Oracle America, Inc. ("Oracle") seeks one of the rarest and most extraordinary orders a U.S. District Court could enter—an anti-suit injunction.  A normal preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  An anti-suit injunction is even more extraordinary, because in parallel litigation, "the issue of comity is an important and omnipresent factor [that] assumes even more significance in international proceedings."  *General Electric Co. v. Deutz AG*, 270 F.3d 144, 159-160 (3d Cir. 2001) (holding that injunction preventing party from proceeding in an English arbitration was improper).  Rather than attempt to meet the high hurdle required for an anti-suit injunction, Oracle resorts to a series of legal and factual omissions and misrepresentations in an effort to evade the arbitration of any part of its dispute with Defendant Myriad Group A.G. ("Myriad").  First, Oracle ignores the fact that this Court lacks jurisdiction to issue the injunction it seeks.  Second, Oracle misunderstands the meaning of "concurrent jurisdiction" and requests that this Court alter its previous Order recognizing the arbitrator's authority to determine his or her own jurisdiction.  Third, Oracle miscasts its motion as one for an ordinary preliminary injunction, rather than an anti-suit injunction, and thus disregards the principle of international comity.

Ultimately, Oracle's argument resorts to a series of factual mischaracterizations.  First, Oracle wrongly suggests that by commencing the arbitration and refusing to withdraw it, Myriad seeks "another bite at the apple."  (Oracle Mot. for TRO 7.)  But Myriad commenced the arbitration prior to any ruling from this Court on the arbitrability of Oracle's claims.  It is disingenuous of Oracle to claim that Myriad commenced arbitration seeking a "different ruling" when this Court had not yet ruled on Myriad's motion to compel arbitration.  *Id*. at 8.

Second, Oracle claims the arbitration is a "collateral attack" on this Court's September Order.  *Id*. at 2.  Yet Oracle does not point to any language in the Court's September Order requiring Myriad to withdraw or stay its arbitration.  Consistent with the Order, Myriad has proceeded with the arbitration.  In fact, as a concession to Oracle in the hope of achieving an

1  amicable resolution of this dispute, Myriad agreed not to proceed with arbitration as quickly as it
2  lawfully could have, in exchange for Oracle's agreement to advance the arbitration by filing its
3  formal response while the parties were preparing to mediate pursuant to the Court's Order.

4        Third, Oracle argues that Myriad seeks the arbitration of claims currently before the U.S.
5  District Court for the District of Delaware.  (Oracle Mot. for TRO 2.)  Relatedly, Oracle argues
6  that Myriad has waived any right to arbitrate those claims by litigating them in Delaware.  *Id*. at
7  10-11.  Myriad has consistently maintained—including in its Demand for Arbitration—that its
8  Delaware claims are separate from Oracle's California claims and not subject to arbitration.
9  Rather, Myriad has only asked that if the arbitrator accepts *Oracle*'*s* argument that the parties'
10 claims are inextricably intertwined, then the arbitrator should assume jurisdiction over both
11 parties' claims, as Oracle has itself contended.  Because Myriad does not claim any right under
12 the JSPA to arbitrate its Delaware claims, it cannot have waived arbitration of those claims by
13 litigating them.

14       Oracle has attempted to avoid its obligation to arbitrate its dispute with Myriad since the
15 initiation of this dispute.  This Court has already determined that Oracle breached the parties'
16 arbitration agreement by attempting to litigate its breach of contract claim in this Court.  Myriad
17 expects the Ninth Circuit to conclude that Oracle breached the arbitration agreement by
18 attempting to litigate its trademark infringement, copyright infringement, and unfair competition
19 claims as well.  Now, in another effort to avoid arbitration, Oracle asks this Court to exceed its
20 jurisdiction, disregard its Order recognizing the arbitrator's concurrent jurisdiction, and overlook
21 the importance of international comity in order to enjoin a foreign arbitration.  Unsurprisingly,
22 there is no precedent for such an extraordinary action.

23 **STATEMENT OF FACTS**

24       On December 10, 2010, Oracle filed suit in this Court, asserting claims against Myriad
25 arising out of an agreement known as the Sun Community Source License (SCSL), which
26 contains a broad-form arbitration clause.  The same day, Myriad filed suit against Oracle in the
27 U.S. District Court for the District of Delaware, asserting claims arising under the Java
28 Specification Participation Agreement (JSPA), which does not contain an arbitration clause.  *See*

2

*Myriad Group A.G. v. Oracle America, Inc.*, No. 10-cv-1087 (D. Del. Dec. 10, 2010).

On January 3, 2011, Myriad moved to compel arbitration of Oracle's claims in this Court and stay litigation. Specifically, Myriad argued that because the parties had incorporated the UNCITRAL arbitration rules into the SCSL's arbitration agreement, the arbitrator should determine the scope of the parties' arbitration agreement. (Myriad Mot. to Compel Arbitration 11-15.) In opposition to Myriad's motion to compel, Oracle argued that Myriad had waived its right to arbitrate Oracle's claims, and stated that "to the extent Oracle's claims are subject to arbitration, then Myriad's claims are subject to arbitration as well." (Oracle Opp'n to Mot. to Compel Arbitration 21.)

In February 2011, Oracle moved to dismiss Myriad's Delaware claims or transfer them to this Court. Oracle contended that the California and Delaware claims were "mirror images" and therefore should be resolved in the same forum. Oracle Mot. to Transfer at 6, *Myriad Group*, No. 10-cv-1087 (D. Del. Jan. 3, 2011). The Delaware court denied Oracle's motion to dismiss or transfer, indicating that it wished to wait for resolution of the issue of the arbitrability of Oracle's claims. Order at 5, *Myriad Group*, No. 10-cv-1087 (D. Del. Feb. 28, 2011).[1] Shortly thereafter, Oracle filed its answer to Myriad's complaint. Oracle's answer did not assert its California claims as counterclaims.

In July, while this Court was still considering Myriad's motion to compel arbitration, Oracle informed Myriad that it intended to seek leave to amend its answer in Delaware in order to assert claims nearly identical to the claims before this Court as counterclaims. On July 28, 2011 Oracle filed a Motion to Amend in the Delaware court in order to consolidate its claims in this Court with Myriad's Delaware claims.

On August 15, 2011, Myriad filed its opposition to Oracle's motion to amend, arguing that amendment would be futile because Oracle's claims were subject to arbitration. The same

---

[1] On November 8, 2011, Oracle renewed its motion to transfer the Delaware action to this Court. That motion is still pending before the Delaware court.

1 day, Myriad filed a Notice of Arbitration in London, England, with the International Centre for
2 Dispute Resolution (ICDR).  Attachment A.  Myriad demanded arbitration of Oracle's California
3 claims in accordance with the SCSL's arbitration agreement.  Myriad also noted that Oracle
4 contends that Myriad's Delaware claims are the "mirror image" of Oracle's California claims,
5 and that Myriad disagrees with Oracle's position.  But the notice demands that if the arbitrator
6 agrees with Oracle's position, then all of the parties' claims must be arbitrated.

7 Because Myriad is the defendant in the California action and has its principal business
8 office in Switzerland, Myriad informed the ICDR that the seat of arbitration should be London,
9 in accordance with the SCSL's forum provision, which states that "arbitration venue shall be in
10 London, San Francisco, or Tokyo, whichever is closest to defendant's principal business office."
11 In the alternative, Myriad submitted that because the arbitration agreement did not contemplate
12 the precise circumstance of a defendant commencing arbitration, there was no agreement
13 between the parties concerning the place of arbitration, and therefore, the arbitrator must
14 determine the place of arbitration.  Myriad also stated that the place of arbitration should not be
15 the United States or Switzerland, "as it would be inappropriate for the arbitration to be seated in
16 the home state of one of the parties."  *See* Attachment A.

17 On August 31, 2011, Myriad and Oracle filed case management statements with this
18 Court informing it of the arbitration.  The following day, the Court issued its Order granting
19 Myriad's motion to compel arbitration in regard to Oracle's breach of contract claim, and
20 denying the motion to compel arbitration in regard to the trademark infringement, copyright
21 infringement, and unfair competition claims.  This Court determined that it had jurisdiction to
22 determine arbitrability, but recognized that the arbitrator "has the authority to decide his or her
23 own jurisdiction," and therefore has concurrent jurisdiction. (Order Granting & Den. Myriad's
24 Mot. to Compel Arbitration 9.)  The Court ordered the parties to attend a settlement conference
25 in November and stayed litigation in this Court until the conclusion of that conference.  If the
26 parties did not settle at the conference, the Court ordered that litigation proceed on the copyright
27 infringement, trademark infringement, and unfair competition claims, and that the parties initiate
28 arbitration proceedings on the breach of contract claim.  The Court did not order Myriad to stay

4

1 or withdraw the arbitration. On September 12, 2011, Myriad appealed the portion of this Court's
2 order denying arbitration to the Ninth Circuit, and on the same day filed its Motion for Stay
3 Pending Appeal.

4 The parties held an initial conference with the ICDR on September 14, 2011. The ICDR
5 Case Manager reviewed the Court's Order and determined that the arbitration could proceed.
6 *See* Attachment B. Two weeks after the conference, Myriad proposed to Oracle that Oracle file
7 its Response to Myriad's request for arbitration and the parties proceed to select an arbitrator,
8 and that Myriad would refrain from proceeding further with the arbitration until after the
9 November 3 settlement conference. Oracle agreed to submit its response to Myriad's notice of
10 arbitration, which it did on September 29, but did not agree to begin the arbitrator selection
11 process. On October 18, Myriad informed the ICDR that it had agreed to defer making a
12 proposal concerning the appointment of an arbitrator pending the November 3 settlement
13 conference.

14 The parties did not resolve their dispute during the November 3 conference. On
15 November 4, 2011, Myriad proposed an arbitrator to Oracle, which under Rule 6 of the 1976
16 UNCITRAL Rules triggered a thirty-day period for Oracle to agree to Myriad's proposal or
17 propose an alternative arbitrator. *See* Attachment C. Rule 6 states that if after thirty days the
18 parties had not reached agreement on the choice of a sole arbitrator, "the sole arbitrator shall be
19 appointed by the appointing authority agreed upon by the parties. If no appointing authority has
20 been agreed upon by the parties, either party may request the Secretary-General of the Permanent
21 Court of Arbitration at The Hague to designate an appointing authority." The SCSL does not
22 designate an appointing authority, and Myriad and Oracle had not reached any other agreement
23 on an appointing authority.

24 On December 5, Oracle replied to Myriad's proposal by refusing to consent to Myriad's
25 proposed arbitrator and stating its disagreement that the case should be heard by a sole arbitrator.
26 *See* Attachment D. Oracle did not propose an arbitrator and did not provide any basis for its
27 contention that the case should not be heard by a single arbitrator. On December 7, Myriad sent
28 a letter to the Secretary-General of the Permanent Court of Arbitration (PCA), requesting that the

5

1  PCA designate an appointing authority to select an arbitrator.  *See* Attachment E.

2  **ARGUMENT**

3  **I.     This Court Lacks Jurisdiction To Issue the Preliminary Injunction**
4  **Requested by Oracle**

5  a.  Myriad's Appeal to the Ninth Circuit Divested This Court of Jurisdiction
6  Over the Issue of Arbitrability

7  Myriad's filing of a notice of appeal divested this Court of jurisdiction over the issue of arbitrability and transferred jurisdiction over that issue to the Ninth Circuit.  It is well settled that the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal.  *In re Cintas Corp. Overtime Pay Arbitration Litigation*, No. C 06-1781 (SBA), 2009 WL 1766595, at *2 (N.D. Cal. June 22, 2009).  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id*. at 2 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."); *Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991) (district court properly refused to consider motions relating to issues that were on appeal)).

Although the Court retains jurisdiction to enter an injunction to preserve the status quo, an injunction that would halt an already-commenced arbitration would alter, not preserve, the status quo.  *In re Cintas*, at *3 (citing *522 W. 38th St. N.Y. LLC v. New York Hotel & Motel Trades Council*, 517 F. Supp. 2d 687, 688 n.1 (S.D.N.Y. 2007) ("granting an injunction would in effect disrupt the arbitration and alter the status quo, making the injunction now sought in this case akin to a mandatory injunction, which courts are reluctant to grant.")).  Moreover, in this case it would further alter the status quo by altering this Court's prior ruling.  In contrast to the existing Order, which held that the arbitrator has the power to decide his or her own jurisdiction, Oracle is asking the Court to change its ruling to say that the arbitrator lacks this power.  Thus, Oracle's motion to enjoin the arbitration wholly ignores this Court's precedent on its jurisdiction

6

to entertain such motions.

This Court also has no jurisdiction over Myriad's Delaware claims. If the arbitrator decides that the Delaware claims must also be arbitrated and Oracle wishes to stay the arbitration of those claims, it should seek a stay from the arbitrator. If it wishes to invoke the extraordinary remedy of an anti-suit injunction, it should go to the Delaware Court.

Additionally, federal courts long have recognized that "the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *California ex rel. Lockyer v. U.S. Dept. of Agriculture*, 710 F. Supp. 2d 916, 921 (N.D. Cal. 2008) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir. 1985)). "When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." *Bergh v. Washington,* 535 F.2d 505, 507 (9th Cir. 1976). To enjoin the potential arbitration of Myriad's Delaware claims would improperly interfere with the jurisdiction of the Delaware court.

      b. <u>This Court Lacks Jurisdiction to Enjoin the Arbitrator or the Permanent Court of Arbitration From Proceeding With the Arbitration</u>

In addition to lacking jurisdiction as a result of Myriad's appeal, this Court lacks jurisdiction to provide the relief that Oracle seeks. A Court's power to issue an anti-suit injunction operates only against the parties, and not against the foreign court or arbitrator. *See Robinson v. Jardine Ins. Brokers Int'l Ltd.*, 856 F. Supp. 554, 560 (N.D. Cal. 1994) (citing *China Trade and Development Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987)). Arbitration between Myriad and Oracle is now pending in London, and the arbitrator selection issue is currently before the PCA. To the extent that Oracle seeks to enjoin the PCA or the arbitrator in England, this Court has no jurisdiction to grant such an injunction.

## II.     This Court Recognized That the Arbitrator Has Concurrent Jurisdiction To Determine the Arbitrability of Claims Relating to the SCSL

This Court's September Order recognized that under Article 21 of the 1976 UNCITRAL Rules, the arbitrator "has the authority to decide his or her own jurisdiction." (Order Granting & Den. Myriad's Mot. to Compel Arbitration 9.) When two sovereigns have concurrent *in personam* jurisdiction one court will ordinarily not interfere with or try to restrain proceedings before the other. "Two courts with concurrent jurisdiction may proceed with litigation at least until judgment is obtained in one case which may be used as *res judicata* in the other." *Robinson*, 856 F. Supp. at 560; *see also Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926 (D.C. Cir. 1984) ("Concurrent jurisdiction does not necessarily entail conflicting jurisdiction. The mere existence of dual grounds of prescriptive jurisdiction does not oust either one of the regulating forums. Thus, each forum is ordinarily free to proceed to a judgment.").

*Res judicata* requires a final judgment on the merits in a prior suit involving the same parties or their privies, and a subsequent suit based on the same cause of action. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). The Ninth Circuit has not considered whether a denial of a motion to compel arbitration has *res judicata* effect on a foreign arbitration. However, the Third Circuit addressed this issue in *General Electric Co. v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001).

In *Deutz*, the defendant commenced an international arbitration in England while its motion to compel arbitration was still pending in U.S. federal district court. The district court denied the motion to compel arbitration, and Deutz did not appeal. Subsequently, the district court issued an order enjoining the defendant from proceeding in arbitration, reasoning in part that its denial of the motion to compel arbitration was *res judicata* on the arbitration.

The Third Circuit reversed the district court's grant of the injunction. In regard to whether the district court's denial of the motion to compel arbitration had *res judicata* effect, the Third Circuit noted that "only in aggravated circumstances" should a court presiding over the first case issue an injunction against further proceedings in a second case. *Id*. at 158. "The first

1  court should not lightly usurp the jurisdiction of another court to dispose of pending litigation."
2  *Id*. (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice &*
3  *Procedure* § 4405, at 41-42 (1981)).

4        Additionally, the Third Circuit distinguished case law holding that a denial of a motion to
5  compel arbitration in state court which was confirmed on appeal had *res judicata* effect on the
6  same dispute in federal district court.  First, the Third Circuit found it significant that the state
7  appellate court had affirmed the lower state court's denial.  Second, the Third Circuit found the
8  *res judicata* effect of an order denying arbitration entered by a trial court in another system more
9  justifiable than an instance in which a district court would rely on its own order to preclude
10 litigation in another forum.  *Deutz*, 270 F.3d at 159.  The Third Circuit concluded that the district
11 court should have left the *res judicata* effect of its order to the determination of the foreign
12 arbitral tribunal or the English courts.  *Id*.  Here, an appellate court has not upheld the Court's
13 Order, and Oracle is requesting that the Court rely on its own Order, not that of another system,
14 as the basis for enjoining a parallel proceeding.  In accordance with *Deutz*, this Court should
15 allow the arbitrator to determine whether this Court's Order is *res judicata*.

16       Oracle contends that "concurrent jurisdiction" means that either the Court or arbitrator
17 could consider and resolve the issue of arbitrability in the first instance, but that once this Court
18 ruled on Myriad's motion to compel arbitration, the arbitrator no longer had jurisdiction over
19 Oracle's claims.  In support of this interpretation, Oracle cites to a nearly two-hundred year old
20 Supreme Court decision and a California state court decision, neither of which addresses
21 concurrent jurisdiction between a foreign tribunal and a U.S. court.  (Oracle Mot. for TRO 8
22 (citing *Smith v. McIver*, 22 U.S. 532 (1824) and *Scott v. Industrial Acc. Comm'n*, 46 Cal. 2d 76
23 (1956))).  This Court's recognition that the arbitrator has the right to determine his or her own
24 jurisdiction would make no sense under Oracle's understanding of concurrent jurisdiction.  If
25 Oracle's understanding of concurrent jurisdiction were correct, this Court would have
26 acknowledged the arbitrator's concurrent jurisdiction and terminated it via the same order.

27       Oracle also argues that "concurrent jurisdiction" does not allow Myriad to "seek a
28 different ruling" from the Court's Order.  (Oracle Mot. for TRO 8.)  This argument is not only

9
MYRIAD 'S OPPOSITION TO ORACLE'S REQUEST FOR A PRELIMINARY INJUNCTION, Case No. 10-CV-5604-SBA

1  wrong for the reasons discussed above, but also misleading, because Myriad did not commence
2  the arbitration to obtain a different ruling from this Court's Order.  When Myriad commenced
3  the arbitration, this Court had not ruled on Myriad's motion to compel arbitration.  Moreover,
4  Myriad's arbitration is consistent with this Court's ruling that the arbitrator has concurrent
5  jurisdiction.

6       Myriad also did not commence the arbitration to "displace" Oracle's choice of forum, as
7  Oracle claims.  (Oracle Mot. for TRO 8-9)  Indeed, prior to initiating this litigation, Oracle
8  entered into an arbitration agreement in which it agreed that the arbitrator would have "the power
9  to decide his or her own jurisdiction."  (Order Granting & Den. Myriad's Mot. to Compel
10 Arbitration 9.)  In its demand for arbitration, Myriad does not request an injunction of this
11 Court's proceeding, nor does Myriad request the arbitrator to find that it has exclusive
12 jurisdiction over Oracle's claims.

13      The cases Oracle cites regarding declaratory relief are inapposite to this case.  In both
14 cases, if the party seeking declaratory relief had prevailed, their choice of forum would have
15 displaced the chosen forum of the declaration action defendant, i.e., the "true" plaintiff.  *See*
16 *First Fishery Development Service, Inc., v. Lane Labs USA, Inc.*, No. Civ. 1069-R, 1997 WL
17 579165 (S.D. Cal. July 21, 1997) (court dismissing declaratory action seeking declaration that
18 plaintiff's actions did not violate state law in anticipation of defendant's suit against plaintiff);
19 *BASF Corp. v. Symington*, 50 F.3d 555 (8th Cir. 1995) (holding that trial court abused discretion
20 in entertaining declaratory judgment action aimed at taking advantage of favorable statute of
21 limitations, which could preclude action in true plaintiff's chosen forum).  Myriad's arbitration
22 request would have no such effect.

23      Concurrent jurisdiction permits the continuation of the arbitration until this Court has
24 entered a final judgment having *res judicata* effect.  Even then, the Court would have to consider
25 whether *res judicata* provided grounds for enjoining a foreign arbitral proceeding, in light of the
26 principle of international comity.

27
28

### III. Oracle's Request for an Anti-Suit Injunction Disregards the Principle of International Comity

Oracle seeks an anti-suit injunction, which involves different considerations from the suitability of other preliminary injunctions. An anti-suit injunction, by its nature, will involve detailed analysis of international comity, because it "conveys the message that 'the issuing court has so little confidence in the foreign court's ability to adjudicate a given dispute fairly and efficiently that it is unwilling even to allow the possibility.'" *Biosense Webster, Inc. v. Superior Court,* 37 Cal. Rptr. 3d 759, 766 (Ct. App. 2006) (citing *Gau Shan Co., Ltd. v. Bankers Trust Co.*, 956 F.2d 1349, 1355 (6th Cir. 1992)). Consequently, a court's power to enjoin a foreign proceeding should be used sparingly. *Robinson*, 856 F. Supp. at 560 (citing *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981)); *see also Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.,* 369 F.3d 645, 652 (2d Cir. 2004) (principles of comity counsel that injunctions restraining foreign litigation should be "granted only with care and great restraint."). Oracle's motion entirely disregards the role of international comity, and instead wrongfully asks the Court to apply the standard preliminary injunction test.[2] Notably, Oracle does not cite a single case where a U.S. federal district court has enjoined a foreign arbitral proceeding.[3]

---

[2] In considering whether to grant an anti-suit injunction, courts in the Ninth Circuit also consider whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) prejudice other equitable considerations. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989-990 (9th Cir. 2006). Oracle has not pled these elements, and in any case cannot satisfy them, particularly in light of this Court's recognition of the arbitrator's concurrent jurisdiction.

[3] Oracle claims that in "similar circumstances" to this action, "federal courts have enjoined parties seeking to arbitrate issues and disputes already determined by a court." (Oracle Mot. for

11

The principle of comity is based on "deference to the foreign country's legal, judicial, legislative and administrative system of handling disputes over which it has jurisdiction, in a spirit of international cooperation." *Robinson*, 856 F. Supp. at 561 (citation omitted). This Court has recognized that "if the legal system of any foreign jurisdiction is entitled to deference, certainly that of England is." *Id*. Rather than show deference to the English legal system, Oracle invites this Court to encroach on an English proceeding based on speculation that "an arbitrator may conclude that it is not bound by this Court's prior Order or the decision of the Ninth Circuit. . . . Oracle is aware of nothing that would prevent an arbitrator located in London from simply ignoring this Court's lawful ruling . . . Its decision could then be confirmed by a foreign court that could disregard comity." (Oracle Mot. for TRO 12.) But Oracle offers no reason why this Court should look at the arbitral tribunal or the English courts so suspiciously. Absent such a justification, and as the Third Circuit recognized in *Deutz*, as a matter of comity the arbitral tribunal—not the district court—should determine whether the Court's Order has any preclusive effect.

### IV. Myriad Has Not Waived Its Right to Arbitrate the Delaware Claims

Myriad agrees with Oracle that a party asserting waiver of a contractual right to arbitrate bears the burden of proof, and must demonstrate (1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that existing right, and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. (Oracle Mot. for TRO 10 (citing *Hoffman*

---

TRO 7-8 (citing *Bear, Stearns & Co., Inc. v. Lavin*, Civ. A. No. 92-6785, 1993 WL 56061, at *2-4 (E.D. Pa. Mar. 1, 1993), and *Innovative Medical Systems, Inc. v. Augustine Medical Inc.*, Civ. No. 04-4705, 2007 WL 3121033, at *3 (D. Minn. Oct. 23, 2007))). Neither case addresses a federal district court's power to enjoin a foreign arbitral proceeding. Additionally, both cases are distinct from the present action in that the first court had reached a determination on the merits before a party commenced arbitration. Here, Myriad commenced its arbitration prior to this Court's Order, which, in any case, is not a decision on the merits having *res judicata* effect.

1 *Constr. Co. of Oregon v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992))).[4]
2 Oracle must prove all three of these elements, yet it has failed to prove even one. Moreover,
3 Oracle distorts Myriad's position regarding the arbitrability of its Delaware claims.

4     First, Oracle predicates its waiver argument on whether Myriad's Delaware claims are
5 subject to the SCSL's arbitration clause. (Oracle Mot. for TRO 10.) Myriad has never
6 contended that its Delaware claims are subject to the SCSL's arbitration clause, and Oracle
7 acknowledges that Myriad has in fact argued the very opposite. *Id*. The JSPA does not contain
8 an arbitration clause, and Myriad does not believe its JSPA claims must be arbitrated. Myriad's
9 awareness of the SCSL and its motion to compel arbitration of Oracle's SCSL claims are entirely
10 irrelevant to whether Myriad knew of a right to arbitrate its JSPA-based Delaware claims. Even
11 if it were determined that Myriad's Delaware claims fell within the scope of the SCSL,
12 "uncertainty about the right to arbitrate is a factor that tends to undermine a finding of waiver . . .
13 ." *Iowa Grain Co. v. Brown*, 171 F.3d 504, 509 (7th Cir. 1999).

14     Second, because Myriad has no right to arbitrate its Delaware claims under the JSPA, it
15 has not acted inconsistently with any alleged right to arbitrate by pursuing those claims in
16 Delaware. Oracle has repeatedly mischaracterized Myriad's Demand for Arbitration by claiming
17 that Myriad seeks to arbitrate its Delaware claims. (Oracle Mot. for TRO 2.) To the contrary,
18 Myriad states clearly in its Demand that it believes its Delaware claims are separate and distinct
19 from Oracle's claims, and therefore should not be arbitrated. *See* Attachment A at 1. Consistent
20 with that position, Myriad has proceeded with litigation in Delaware.

21     Oracle, however, contends that Myriad and Oracle's claims are mirror images of each
22 other, and that to "to the extent Oracle's claims are subject to arbitration, Myriad's claims are
23 subject to arbitration as well." (Oracle Opp'n to Mot. to Compel Arbitration 21.) Myriad's
24 Demand states that if the arbitrator agrees with Oracle's position that the claims are inextricably

---

27 [4] Although Myriad disagrees on the merits of Oracle's argument regarding waiver here, the issue
28 is not properly before this Court because the Court has no jurisdiction over the Delaware claims.

13

1  bound together, then, as *Oracle* has argued, all of the claims should be arbitrated.

2  Third, there is, and will be, no prejudice to Oracle resulting from the Delaware litigation.
3  Oracle's primary argument is that Myriad has obtained discovery in Delaware that would not be
4  available in the arbitration.  But the only discovery that has taken place in Delaware is document
5  discovery.  In the parties' Protective Order, Oracle expressly agreed that all discovery taken in
6  the Delaware Action could be used in the arbitration.  *See* Protective Order at 5, *Myriad Group*,
7  No. 10-cv-1087 (D. Del. June 14, 2011).  Thus, Oracle has waived this objection.

8  Oracle's prejudice argument is also premature, because the arbitrator has not even
9  determined that Myriad's Delaware claims must be arbitrated.  If the arbitrator makes that
10 determination, there will still be no prejudice to Oracle, because the arbitrator will have acted
11 consistently with Oracle's position that all of the claims, if arbitrated at all, should be arbitrated
12 together.  Additionally, the arbitrator cannot assume jurisdiction of Myriad's Delaware claims
13 without also assuming jurisdiction over Oracle's California claims.  If Oracle's and Myriad's
14 claims are "mirror images" as Oracle contends, then much of the discovery that Oracle has
15 obtained in the Delaware litigation will be highly relevant to its SCSL claims in the arbitration.

16 Finally, the discovery in the Delaware action has not been "extensive."  *See Eagle Traffic*
17 *Control, Inc. v. James Julian, Inc.*, 945 F. Supp. 834, 835 (E.D. Pa. 1996) (finding waiver where
18 party litigated seven months before seeking arbitration, during which defendant alone had served
19 over 190 interrogatories, conducted ten depositions, and filed two discovery motions).  In the
20 Delaware action, neither party has yet noticed, much less conducted, any depositions.

21 Oracle has not met its burden on any one of the elements required to show that Myriad
22 waived the right to arbitrate its Delaware claims.  Although Myriad does not believe the
23 Delaware claims should be arbitrated, the arbitrator should remain free to arbitrate them if he or
24 she determines they are inextricably tied to Oracle's California claims.

25
26
27
28

14

### V. The Court Should Deny Oracle's Request to Stay the Arbitration Pending Appeal

As discussed above, this Court lacks jurisdiction to enjoin—whether permanently or temporarily—a foreign arbitral proceeding because (1) Myriad's appeal to the Ninth Circuit divested this Court of jurisdiction over the issue of arbitrability, and (2) this Court has no power to enjoin either the arbitrator in England or the PCA from proceeding with the arbitration. Additionally, a stay also implicates the same concerns for international comity that apply to Oracle's request for a preliminary injunction. The Court should therefore deny Oracle's alternative request for a stay of the arbitration pending appeal.

### CONCLUSION

For the foregoing reasons, Myriad respectfully requests that this Court deny Oracle's request for a preliminary injunction or a stay of arbitration pending appeal.

DATED:  December 8, 2011              KING & SPALDING LLP


By: /s/ Geoffrey M. Ezgar
    GEOFFREY M. EZGAR (SBN 184243)
    gezgar@kslaw.com
    KING & SPALDING LLP
    101 Second Street
    Suite 2300
    San Francisco, CA 94105
    Telephone:  (415) 318-1200
    Facsimile:   (415) 318-1300

    KEVIN R. SULLIVAN (*Admitted Pro Hac Vice*)
    krsullivan@kslaw.com
    TIMOTHY J. SULLIVAN (*Admitted Pro Hac Vice*)
    tjsullivan@kslaw.com
    KING & SPALDING LLP
    1700 Pennsylvania Ave, NW
    Suite 200
    Washington, D.C. 20006-4707
    Telephone:  (202) 737-0500
    Facsimile:   (202) 626-3737

    BRIAN A. WHITE (*Admitted Pro Hac Vice*)
    bwhite@kslaw.com
    KING & SPALDING LLP
    1180 Peachtree Street
    Atlanta, GA 30309
    Telephone:  (404) 572-4600
    Facsimile:    (404) 572-5100

    Attorneys for Defendant
    Myriad Group, A.G.