JEFFREY M. SHOHET, Bar No. 067529
jeffrey.shohet@dlapiper.com
CHRISTOPHER J. BEAL, Bar No. 216579
cris.beal@dlapiper.com
AMANDA C. FITZSIMMONS, Bar No. 258888
amanda.fitzsimmons@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

ELIZABETH ROGERS BRANNEN, Bar No. 226234
elizabeth.brannen@oracle.com
500 Oracle Parkway
Redwood City, CA 94065
Tel: 650.506.5200
Fax: 650.506.7114

Attorneys for Plaintiff
Oracle America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MYRIAD GROUP AG, <br><br> Defendant. | CASE NO.  10-CV-5604-SBA <br><br> **REPLY IN SUPPORT OF ORACLE AMERICA INC.'S MOTION FOR PRELIMINARY INJUNCTION AND PARTIAL STAY OF COURT ORDER** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. THE CIRCUMSTANCES WARRANT A PRELIMINARY INJUNCTION. .................... 2

    A. The Court Has Jurisdiction to Issue a Preliminary Injunction. ............................... 2

        1. Myriad's Appeal Does Not Divest This Court of Jurisdiction to Maintain the Status Quo. ................................................................................ 2

        2. The Court Does Not Need "Jurisdiction" Over Myriad's Delaware Claims to Enjoin Myriad From Pursuing Them in an Arbitration. ............... 4

        3. Oracle Is Not Seeking to Enjoin the Arbitrator or the Permanent Court of Arbitration. ................................................................................... 4

    B. Myriad May Not Properly Submit the Arbitrability Issue Already Decided by This Court to an Arbitrator. .................................................................................. 5

        1. The SCSL Provides This Court with Exclusive Jurisdiction over "Any Dispute" Regarding Intellectual Property Rights or Compliance with the TCK License, Including Disputes as to the Arbitrability of Those Claims. ................................................................. 5

        2. Even If an Arbitrator Had "Concurrent Jurisdiction," This Court's Order Is Binding on Myriad. ............................................................................ 6

    C. Factors Warranting a Preliminary Injunction Outweigh Any Concerns Regarding International Comity. ............................................................................. 6

        1. Myriad Relies on Authorities Not Followed in the Ninth Circuit. ............... 7

        2. Even If Oracle's Request Implicates Issues of Comity, the E & J Gallo Factors Support Issuing an Injunction Under these Circumstances. ................................................................................................ 8

    D. Myriad has Waived its Right to Arbitrate the Delaware Claims. .......................... 9

III. THE LITIGATION AND ARBITRATION SHOULD EITHER BOTH BE STAYED OR SHOULD BOTH PROCEED PENDING THE NINTH CIRCUIT'S DECISION. .................................................................................................................... 10

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Comb v. Paypal, Inc*,
    218 F. Supp. 2d 1165 (N.D. Cal. 2002) ................................................................................8

*Cox v. Ocean View Hotel Corp.*,
    533 F.3d 1114 (9th Cir. 2008) ..............................................................................................4

*E. & J. Gallo Winery v. Andina Licores S.A.*,
    446 F.3d 984 (9th Cir. 2006) ............................................................................................6, 8

*General Electric Co. v. Deutz AG*,
    270 F.3d 144 (3d Cir. 2001) .................................................................................................7

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) ................................................................................................................3

*In re Cintas Corp. Overtime Pay Arbitration Litig.*,
    Case No. 06-cv-1781 (SBA), 2009 WL 1766595 (N.D. Cal. June 22, 2009) ......................3

*Mastercard Int'l Inc. v. Federation Internationale De Football Assn.*,
    Case No. 06-cv-3036 (LAP), 2007 WL 631312 (S.D.N.Y. Feb. 28, 2007) .........................9

*Natural Res. Def. Council Inc. v. Sw. Marine Inc.*,
    242 F.3d 1163 (9th Cir. 2001) ..............................................................................................2

*Paramedics Electromedicina Comm., LTDA v. GE Med. Sys. Info. Techs., Inc*,
    369 F.3d 645 (2d Cir. 2004) .............................................................................................7, 9

*Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*,
    361 F.3d 11 (1st Cir. 2004) ...................................................................................................7

*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ................................................................................................6

*Robinson v. Jardine Ins. Brokers Int'l Ltd.*,
    856 F. Supp. 554 (N.D. Cal. 1994) ......................................................................................6

*Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*,
    652 F.2d 852 (9th Cir. 1981) ............................................................................................8, 9

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) ..............................................................................................................8

## I. INTRODUCTION

Oracle America, Inc.'s ("Oracle") motion asks the Court to enjoin Myriad Group AG ("Myriad") from relitigating issues that this Court decided in its September 1, 2011 Order. Myriad's opposition largely ignores Oracle's strong arguments in favor of the injunction, and instead focuses on three red-herrings. First, Myriad asserts that this Court lacks jurisdiction to enter the relief Oracle requests. The Court, however, does not lack the jurisdiction to enjoin Myriad from pursuing its arbitration any more than it lacks jurisdiction to stay litigation of Oracle's non-contract claims pending appeal, as Myriad has requested. Myriad does not explain why it should be allowed to proceed with its arbitration while the litigation should be stayed. Myriad does not even respond to Oracle's suggestion to stay both the arbitration and litigation, which Oracle submits would be the most sensible outcome in these circumstances.

Second, Myriad argues that the arbitrator has "concurrent jurisdiction" over arbitrability, which Myriad wrongly interprets as giving the arbitrator jurisdiction to determine issues that this Court has already decided. Even if Myriad's mistaken view of concurrent jurisdiction was correct, by the express terms of the Sun Community Source License ("SCSL"), it was in the *exclusive* jurisdiction of this Court to determine that Oracle's non-contract claims are litigable. Moreover, once this Court issued its ruling, whatever jurisdiction an arbitrator may have had to decide the issue ceased—a fact which is not changed by Myriad's appeal to the Ninth Circuit.

Finally, Myriad contends that the Court should abstain from granting Oracle's requested relief out of a concern for international comity, even though no arbitral tribunal has yet been empanelled and even though the parties' arbitration provision provides that any arbitration wherein Oracle is the defendant—as it is with respect to Myriad's Arbitration Demand—must be venued in San Francisco. Thus, issues of international comity are not implicated here. Even if they were, Myriad completely ignores the Ninth Circuit's liberal approach to issues implicating international comity, as well as the compelling justifications for the injunction.

Myriad also now seeks to arbitrate claims that it has been pursuing in litigation for more than a year, despite its recognition that they are "separate and distinct" from the claims Oracle asserts and do not arise under an agreement containing an arbitration provision. Myriad claims it

has not acted inconsistently, but Oracle has never argued, as Myriad mistakenly suggests, that Myriad would have a legitimate right to arbitrate its claims simply because the parties claims are related. To the contrary, Oracle's position has been and remains that if Myriad thought its claims were arbitrable (which they are not), Myriad should have pursued them in arbitration from the beginning rather than litigating them for more than a year. Nor can Myriad have been ignorant of its purported right to arbitrate when the Delaware Court expressly found that Myriad's claims were the "mirror image" of Oracle's claims in February 2011, thus supplying the predicate for arbitrability under Myriad's misguided theory.

When the red-herrings are revealed for what they are, what remains is an opposition that fails to address the factors to be considered on a motion for preliminary injunction. Because the need for such relief is immediate, and the reasons for such relief compelling, Oracle respectfully requests that the Court enjoin Myriad from further pursuit of its arbitration.

## II. THE CIRCUMSTANCES WARRANT A PRELIMINARY INJUNCTION.

### A. The Court Has Jurisdiction to Issue a Preliminary Injunction.

Myriad contends that the Court lacks jurisdiction to issue the preliminary injunction requested by Oracle. But just as the Court retains jurisdiction to enter the stay that Myriad has requested, it retains the power to enter the injunction and partial stay that Oracle has requested.

#### 1. Myriad's Appeal Does Not Divest This Court of Jurisdiction to Maintain the Status Quo.

Myriad first asserts that its appeal divests the Court of jurisdiction over the issues of arbitrability. To the contrary, it is well-settled that a court retains jurisdiction to enter orders enforcing its judgment during the pendency of an appeal, including injunctions meant to preserve the status quo. *See Natural Res. Def. Council Inc. v. Sw. Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo."). Myriad concedes that the Court has such power, but argues that an injunction would alter, rather than preserve, the status quo because it (1) would halt "an already-commenced arbitration" and (2) would require this Court to alter its prior ruling. (Myriad's Opp'n at 6:19-7:1.) Both contentions lack merit.

First, while Myriad may have served an Arbitration Demand, the arbitration has not begun. No appointing authority, let alone an arbitrator, has been designated. Moreover, as noted by the International Centre for Dispute Resolution ("ICDR") case manager, the venue for arbitration has not even been settled.[1] (*See* Decl. of Jeffrey Shohet, ¶ 4, Ex. B.) Oracle has not yet asserted its defenses or counterclaims, no scheduling order has issued, no evidence has been submitted, and no briefs have been written. Thus, the facts here are far different than those facing this Court in *In re Cintas Corp. Overtime Pay Arbitration Litig.*, where the arbitration had been proceeding for nearly five years and was substantively already "well under way." Case No. 06-cv-1781 (SBA), 2009 WL 1766595, at *3 (N.D. Cal. June 22, 2009). Because the arbitration has not begun, issuing an injunction would not alter the status quo—it would, in fact, preserve it.

Second, contrary to Myriad's assertion, issuing a preliminary injunction would not require the Court to alter its prior ruling. Myriad contends that the Court has held that an arbitrator may find Oracle's non-contract claims to be arbitrable, even though the Court ruled that they are not arbitrable. Myriad simply misreads this Court's Order. Myriad's alternative motion asked the Court to find that the arbitrator's jurisdiction as to arbitrability was exclusive. The Court noted that there is a presumption of judicial jurisdiction to decide a question of arbitrability "*[u]nless the parties clearly and unmistakably provide otherwise*," *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (emphasis added), which the Court determined they did not. The Court did not hold, however, that an arbitrator may subsequently re-examine an arbitrability issue already decided by the Court.

Because the Court retains jurisdiction during the pendency of an appeal to act to preserve the status quo, and Oracle's request would do exactly that until Myriad's appeal to the Ninth Circuit is resolved, the Court has jurisdiction to grant Oracle the relief it seeks.

/////

/////

---

[1] In its brief, Myriad asserts that the ICDR case manager made a "determination" that the arbitration could proceed notwithstanding this Court's ruling. The case manager, however, is simply an administrator who has no independent ability to make determinations regarding the propriety of the arbitration proceedings or the underlying merits of the parties' claims.

### 2. The Court Does Not Need "Jurisdiction" Over Myriad's Delaware Claims to Enjoin Myriad From Pursuing Them in an Arbitration.

Myriad asserts that the Court lacks jurisdiction over Myriad's Delaware claims and cannot, on that basis, enjoin Myriad from pursuing them in an arbitration. (Myriad's Opp'n at 7:2-5.) But Myriad does not explain why its claims must be asserted in the present action for the Court to enjoin *Myriad* from proceeding on those claims in an arbitration. Nor does it offer any legal support for such a proposition. This argument is simply another red herring.

Myriad also asserts that enjoining it from arbitrating its Delaware claims would upset the principle of comity by "improperly interfer[ing] with the jurisdiction of the Delaware court." (*Id.* at 7:6-15.) But Myriad tellingly does not explain how the relief sought here would interfere with the Delaware action. Rather than interfere, a preliminary injunction would preserve the Delaware action, since Myriad now appears poised to abandon that forum and prosecute its Delaware claims in arbitration.[2] Nor has Myriad submitted the issue of the arbitrability of its Delaware claims to the Delaware Court. Thus, this Court would not be deciding an issue already decided by, pending before, or otherwise interfering with the jurisdiction of the Delaware Court.[3]

### 3. Oracle Is Not Seeking to Enjoin the Arbitrator or the Permanent Court of Arbitration.

Finally, Myriad asserts that the Court lacks jurisdiction to enjoin the arbitrator or the Permanent Court of Arbitration ("PCA") from proceeding with the arbitration. Oracle, however, has not requested such relief. Oracle seeks an injunction prohibiting *Myriad* from pursuing its arbitration. Myriad concedes that the Court has the power to issue such an injunction against parties to litigation. (Myriad's Opp'n at 7:19-20.)

/////

/////

---

[2] Oracle seeks to consolidate the two cases through a motion to transfer currently pending before the Delaware Court, which would resolve any such concern should it exist.

[3] To the extent that Myriad suggests that the arbitrator can decide Oracle's waiver argument, that contention is without merit. It is well-settled that the court, not the arbitrator, decides challenges to enforcement of an arbitration provision on grounds of waiver. *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119-21 (9th Cir. 2008).

-4-
DLA PIPER LLP (US)
SAN DIEGO

WEST\225519798.5

ORACLE'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
(CASE NO. 10-CV-5604-SBA)

**B.      Myriad May Not Properly Submit the Arbitrability Issue Already Decided by This Court to an Arbitrator.**

**1.      The SCSL Provides This Court with Exclusive Jurisdiction over "Any Dispute" Regarding Intellectual Property Rights or Compliance with the TCK License, Including Disputes as to the Arbitrability of Those Claims.**

Myriad contends that the Court should not enjoin it because the Court purportedly found that the arbitrator has "concurrent jurisdiction" to determine the arbitrability of claims relating to the SCSL. (Myriad's Opp'n at 8:1-10: 26.) Myriad further contends that such "concurrent jurisdiction" allows it to submit the same issue of arbitrability to an arbitrator despite the Court's ruling against Myriad. Myriad's argument, however, misconstrues both the Court's Order and the implications of any concurrent jurisdiction between an arbitrator and the Court.

The threshold issue presented to the Court by Myriad on its motion was whether *the Court* had any jurisdiction to determine arbitrability. The Court determined that the parties' arbitration provision did not "clearly and unmistakably" provide the arbitrator with "sole discretion" to determine issues of arbitrability, and therefore "the authority to decide arbitrability remains with the Court." (Order at 9:16-20.) The Court was not asked to determine whether or to what extent its decision could be challenged in an arbitration or whether the Court had exclusive jurisdiction to determine issues of arbitrability under the provision at issue. In fact, under the express terms of the SCSL, the Court—and not the arbitrator—has the exclusive jurisdiction to resolve any disputes regarding the arbitrability of Oracle's non-contract claims.

The SCSL's arbitration clause states: "either party may bring any action, in a court of competent jurisdiction (**which jurisdiction shall be exclusive**), with respect to **any dispute relating to** such party's Intellectual Property Rights or with respect to Your compliance with the TCK license." (SCSL, Shohet Decl., ¶ 3, Ex. A at § 8.6 (a) (emphasis added).) In its Order, the Court determined that Oracle's claims for trademark infringement, copyright infringement, and unfair competition are expressly excluded under the intellectual property "carve-out" provision and alternatively fall within the express exception for disputes relating to "compliance with the TCK license." (Order at 10:24-12:13.) As such, the Court exercised its exclusive jurisdiction to resolve Oracle's non-contract claims not only on the merits, but also as to their arbitrability. For

1  that reason, Myriad's submission of them to an arbitrator is improper and enjoinable. *See E. & J.*
2  *Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 993 (9th Cir. 2006) (noting that protecting
3  contractual devices that specify in advance the forum in which disputes shall be litigated justifies
4  the imposition of an anti-suit injunction).

**2. Even If an Arbitrator Had "Concurrent Jurisdiction," This Court's Order Is Binding on Myriad.**

Even if the arbitrator had concurrent jurisdiction, Myriad's ability to arbitrate those issues ceased when this Court resolved them in Oracle's favor. Myriad concedes that the ability to pursue concurrent jurisdiction ceases once a judgment with *res judicata* effect has been issued. (Myriad's Opp'n at 8:7-13 (citing *Robinson v. Jardine Ins. Brokers Int'l Ltd.*, 856 F. Supp. 554, 560 (N.D. Cal. 1994)).) Myriad, however, asserts that this Court's Order is not entitled to preclusive effect because of Myriad's pending appeal. But that position directly contradicts the well-settled rule that a lower court judgment is entitled to preclusive effect despite a pending appeal. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988) ("the preclusive effect of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided.").

**C. Factors Warranting a Preliminary Injunction Outweigh Any Concerns Regarding International Comity.**

Myriad has not addressed the equities or irreparable harm Oracle will suffer absent a preliminary injunction. Rather, Myriad asserts that the Court should not enjoin it from pursuing its Arbitration Demand because doing so would run afoul of principles of international comity. But Oracle's motion does not implicate international comity because, while Myriad has demanded a London arbitration, under the terms of the parties' arbitration provision, the proper venue for the arbitration is San Francisco. The SCSL's arbitration clause provides that, "[u]nless otherwise agreed, arbitration venue shall be in London, Tokyo, or San Francisco, whichever is closest to **defendant's** principal business office." (SCSL, Shohet Decl., ¶ 3, Ex. A at § 8.6(b) (emphasis added).) Myriad is the **claimant** in its Arbitration Demand, which both the ICDR administrator and the PCA have recognized in correspondence with Myriad, and Oracle is the respondent/defendant. (Shohet Decl., ¶¶ 4-5, 7, Exs. B-C.)

**1. Myriad Relies on Authorities Not Followed in the Ninth Circuit.**

Even if Myriad's Arbitration Demand implicated matters of comity, an injunction should still issue. In arguing that an injunction would infringe the principle of international comity, Myriad relies on a non-binding decision from the Third Circuit, *General Electric Co. v. Deutz AG*, which reflects that circuit's exceedingly conservative approach to issues implicating international comity. 270 F.3d 144 (3d Cir. 2001).[4] But the Ninth Circuit takes a far more liberal approach to anti-suit injunctions, which the Third Circuit acknowledged in *Deutz*. *Id.* at 160-61.

On only slightly different facts, the Second Circuit—which also follows the conservative approach—affirmed a District Court's injunction prohibiting a party from pursuing foreign litigation after the district court had determined that the claims were subject to arbitration. *See Paramedics Electromedicina Comm., LTDA v. GE Med. Sys. Info. Techs., Inc*, 369 F.3d 645, 654-55 (2d Cir. 2004). In that case, the Second Circuit was not troubled by the fact that the district court issued its injunction even though its order compelling arbitration had been appealed and that appeal was not yet resolved. *Id.* at 654. With respect to issues of comity, the Second Circuit stated: "where one court has already reached a judgment—on the same issues, involving the same parties—considerations of comity have diminished force." *Id*. at 655. This case suggests that the Third Circuit's approach was excessively deferential to the foreign arbitral proceedings, even in comparison to other circuits that follow the conservative approach to issues involving comity. *See also Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 18 (1st Cir. 2004) (characterizing *Deutz* as an "inflexible" application of the conservative approach, and opting to follow traditional conservative approach of Second Circuit).

*Deutz* is not controlling or even persuasive authority here. The Ninth Circuit has twice affirmed district court orders enjoining foreign litigation, notwithstanding implications of

---

[4] Notably, *Deutz* applies the principle of comity to a foreign arbitration without explanation for why it would be appropriate to do so. It notes that comity is "'the recognition which one nation allows within its territory to the **legislative, executive or judicial acts of another nation** . . . .'" 270 F.3d at 160 (emphasis added). *Deutz* does not explain why an international arbitration, while it may be seated within a foreign nation, is entitled to such deference when it remains a private matter between parties. Indeed, none of the other authorities relied upon by Myriad treat international arbitrations with such deference as shown in *Deutz*.

1   international comity. *E. & J. Gallo*, 446 F.3d at 995 ("the obligation of comity expires when the
2   strong public policies of the forum are vitiated by the foreign act."); *Seattle Totems Hockey Club,*
3   *Inc. v. Nat'l Hockey League*, 652 F.2d 852, 856 (9th Cir. 1981). Like those cases, Oracle has
4   demonstrated ample justification for the relief that it requests, justifications which should not be
5   disregarded based on the principle of international comity.

6   **2.   Even If Oracle's Request Implicates Issues of Comity, the *E & J Gallo*
7         Factors Support Issuing an Injunction Under these Circumstances.**

8   As Myriad recognizes, in the Ninth Circuit "foreign litigation may be enjoined where it
9   would (1) frustrate a policy of the court issuing the injunction; (2) be vexatious or oppressive; (3)
10  threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; **or** (4) where the proceedings
11  prejudice other equitable considerations." *E. & J. Gallo*, 446 F.3d at 990 (quoting *Seattle Totems*,
12  652 F.2d at 855). Here, such circumstances exist to warrant enjoining Myriad.

13  First, Myriad's Arbitration Demand would irreparably harm Oracle and frustrate the well-
14  settled public policy that "arbitration is a matter of contract and a party cannot be required to
15  submit to any dispute which he has not agreed so to submit." *Comb v. Paypal, Inc*, 218 F. Supp.
16  2d 1165, 1170-71 (N.D. Cal. 2002). *See also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland*
17  *Stanford Junior Univ.*, 489 U.S. 468, 474, 479 (1989) (noting that arbitration "is a matter of
18  consent, not coercion"). This Court has already determined that Oracle has not agreed to submit
19  its non-contract claims to arbitration.

20  Second, a strong policy concern favors protecting this Court's jurisdiction and judgment.
21  Although Myriad faults Oracle for being "suspicious" of the arbitrator or the English courts'
22  likelihood of recognizing this Court's ruling, Myriad has specifically asked the arbitrator to issue
23  a contrary ruling. Myriad is banking on the fact that an arbitrator may disrespect this Court's
24  Order, and absent the requested preliminary injunction, it may. As noted by the Second Circuit:

25  > An anti-suit injunction may be needed to protect the court's jurisdiction once a
    > judgment has been rendered. The doctrine of *res judicata*, where applied, would
26  > obviate injunctive relief against re-litigation in a second forum; but a foreign court
    > might not give *res judicata* effect to a U.S. judgment, particularly since United
27  > States courts may choose to give *res judicata* effect to foreign judgments on the
    > basis of comity, but are not obliged to do so.
28

1  *Paramedics*, 369 F.3d at 654-55 (internal quotations omitted).  *See also Mastercard Int'l Inc. v.
2  Federation Internationale De Football Assn.*, Case No. 06-cv-3036 (LAP), 2007 WL 631312, at
3  *8 (S.D.N.Y. Feb. 28, 2007) (enjoining foreign arbitration after noting the arbitral tribunal's
4  conclusion that it was not obligated to recognize the district court's decisions in arbitration).

5        Third, requiring Oracle to relitigate this issue in a foreign arbitration would be vexatious
6  and harassing, would result in substantial inconvenience and expense to Oracle, and could lead to
7  inconsistent rulings.  *Seattle Totems*, 652 F.2d at 855.  Myriad would have the Court ignore this
8  and the other irreparable harm Oracle would suffer absent a preliminary injunction.

9        Finally, Myriad's pursuit of its London arbitration should be enjoined for equitable
10 reasons.  Myriad implies that it did not have improper motives when it initiated the arbitration
11 proceedings by pointing out that it did so before the Court issued its ruling.  (Myriad's Opp'n at
12 9:27-10:5.)  But Myriad delayed initiating arbitration proceedings for more than eight months,
13 until just before the then-scheduled document discovery cutoff in the Delaware litigation.  It did
14 so the same day it filed an opposition to an Oracle motion designed to achieve consolidation of
15 the two federal cases in Delaware.  The circumstances suggest gamesmanship, but even if Myriad
16 had no improper motive when it commenced the arbitration, it should have withdrawn its
17 Arbitration Demand once this Court—at Myriad's request—issued its ruling.

18     **D.**    **Myriad has Waived its Right to Arbitrate the Delaware Claims.**

19       Myriad contends that it should not be found to have waived any right to arbitrate its
20 Delaware claims because it was unaware that they were arbitrable.  In fact, Myriad takes the
21 curious position that ***it does not believe its claims are arbitrable*** and so is still "unaware" of
22 whether they are arbitrable, even though it seeks an arbitrator's ruling that its claims must be
23 arbitrated.  Myriad's position confounds logic.

24       More importantly, Myriad's position is patently disingenuous.  Myriad's Arbitration
25 Demand states that if Myriad's Delaware claims are found to be the "mirror image" of Oracle's
26 claims, they are subject to arbitration under the SCSL.  Oracle disagrees with that analysis, but
27 notes that the Delaware court found Myriad's claims to be the "mirror image" of Oracle's claims
28 in its February 2011 order.  (Delaware Order, Shohet Decl., ¶ 6, Ex. D at 1.)  Thus, Myriad was

certainly on notice that its claims were arbitrable—under its theory of arbitrability—no later than February 2011, but still continued to pursue its claims in litigation, taking the benefit of document discovery (including third party discovery) for more than six months before initiating arbitration.

Myriad contends that Oracle will suffer no prejudice if it is forced to arbitrate Myriad's claims because of a purported provision in the parties' Protective Order allowing all discovery in the Delaware Action to be used in "the arbitration." But Oracle signed that Protective Order when Myriad took the position that its Delaware claims were litigable, not arbitrable. Oracle did not and never would have agreed to permit discovery taken by Myriad in Delaware to be used in an arbitration initiated by Myriad concerning its Delaware claims. To misconstrue the Protective Order in this fashion would epitomize prejudice, not eliminate it.

### III. THE LITIGATION AND ARBITRATION SHOULD EITHER BOTH BE STAYED OR SHOULD BOTH PROCEED PENDING THE NINTH CIRCUIT'S DECISION.

In its opening brief, Oracle requested that the Court stay enforcement of its Order directing Oracle to initiate arbitration on its breach of contract claim pending the resolution of Myriad's appeal as well as enjoin Myriad from pursuing its Arbitration Demand. If the stay is granted, Oracle is prepared to withdraw its opposition to Myriad's motion to stay the litigation of the non-contract claims pending resolution of the appeal. In other words, Oracle supports a stay of the litigation and arbitration of all claims until the Ninth Circuit has determined which claims are arbitrable and which claims are not. Myriad rejects this rational approach without explanation. Moreover, Myriad offers no reason why its attempts to relitigate arbitrability should be allowed to proceed while Oracle's non-contract claims should be stayed. Although this Court's Order should be affirmed on appeal, Oracle submits that staying both the litigation and arbitration is the most practical and efficient path given the uncertainty the appeal has created.

### IV. CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court issue a preliminary injunction restraining and enjoining Myriad from proceeding with its Arbitration Demand and stay that part of the Court's Order directing Oracle to initiate arbitration of its breach of contract claim pending resolution of Myriad's appeal.

1
2  Dated: December 13, 2011                        DLA PIPER LLP (US)
3
4                                                  By /s/ Jeffrey M. Shohet
                                                       JEFFREY M. SHOHET
5                                                      CHRISTOPHER J. BEAL
                                                       AMANDA C. FITZSIMMONS
6                                                      Attorney for Plaintiff
                                                       Oracle America, Inc.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28