1  JEFFREY M. SHOHET, Bar No. 067529   GEOFFREY M. EZGAR, Bar No. 184243
   jeffrey.shohet@dlapiper.com          gezgar@kslaw.com
2  BROOKE KILLIAN KIM, Bar No. 239298  **KING & SPALDING LLP**
   brooke.kim@dlapiper.com             101 Second Street
3  AMANDA FITZSIMMONS, Bar No. 258888  Suite 2300
   amanda.fitzsimmons@dlapiper.com     San Francisco, CA 94105
4  **DLA PIPER LLP (US)**                   Telephone:  415.318.1200
   401 B Street, Suite 1700            Facsimile:   415.318.1300
5  San Diego, CA  92101-4297
   Tel:    619.699.2700                Attorneys for Defendant
6  Fax:    619.699.2701                Myriad Group AG

7  LESLEY E. KOTHE, Bar No. 209512     [Additional Counsel Appear on Signature Pages]
   lesley.kothe@oracle.com
8  **ORACLE AMERICA, INC.**
   500 Oracle Parkway
9  Redwood City, CA 94065
   Tel:    650.506.5200
10 Fax:    650.506.7114

11 Attorneys for Plaintiff
   Oracle America, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16
   ORACLE AMERICA, INC.,                CASE NO.  10-CV-5604-SBA
17
              Plaintiff,                **STIPULATION AND REQUEST FOR
18                                      ORDER**
       v.
19
   MYRIAD GROUP AG,
20
              Defendant.
21

22

23

24

25

26

27

28

1    WHEREAS, on December 10, 2010, Oracle America, Inc. ("Oracle") filed the instant

2    action against Myriad Group AG ("Myriad");

3    WHEREAS, on January 3, 2011, Myriad moved to compel arbitration of all claims

4    pending in this action;

5    WHEREAS, on August 15, 2011, Myriad commenced an arbitration against Oracle (the

6    "Arbitration"), and the Arbitration is captioned *In the Matter of the Arbitration Act 1996 In the*

7    *matter of an Arbitration in London, England Under the UNCITRAL Arbitration Rules*

8    *Administered by the American Arbitration Association's International Centre for Dispute*

9    *Resolution Between Myriad Group AG and Oracle America, Inc.,* (ICDR Case No. 50 117 T

10   00545 11);

11   WHEREAS, on September 1, 2011, the Court issued an order "grant[ing] Myriad's

12   motion to compel arbitration with respect to Oracle's claim for breach of contract, and den[ying]

13   the motion as to Oracle's remaining claims," and ordering the parties to "immediately commence

14   arbitration proceedings with respect to Oracle's contract claim" following a court-ordered

15   settlement conference; (the "Order") (Dkt. 42);

16   WHEREAS, on January 17, 2012, this Court entered an injunction relating to the

17   Arbitration (Dkt. 69);

18   WHEREAS, on February 6, 2012, the Court entered an order pursuant to a stipulation of

19   the parties that the Arbitration and this litigation be stayed pending Myriad's appeal of the portion

20   of the Order that denied Myriad's motion to compel arbitration (the "Stay" (Dkt. 73);

21   WHEREAS, pursuant to this Court's order of February 6, 2012, the stay of the arbitration

22   and the litigation was lifted on August 31, 2013, and either party was at that point "free to pursue

23   all appropriate courses of action, subject to further orders of the respective courts or arbitrator."

24   WHEREAS, on July 26, 2013, the Ninth Circuit reversed the portion of the Order denying

25   the motion to compel arbitration on the grounds that Myriad and Oracle's "[i]ncorporation of the

26   UNCITRAL arbitration rules into the parties' commercial contract constitutes clear and

27   unmistakable evidence that the parties agreed to arbitrate arbitrability" and remanded to this

28   Court for "proceedings consistent with [the] opinion." (Dkt. 81);

1

1   WHEREAS, the Arbitration is under the administration of the American Arbitration

2   Association's International Centre for Dispute Resolution, and the Sole Arbitrator presiding over

3   the Arbitration has entered orders concerning the timetable and procedures for the conduct of

4   certain aspects of the Arbitration;

5   WHEREAS, the parties have filed briefs with this Court concerning the implementation of

6   the Ninth Circuit's mandate in which each party disputes the other party's position, including but

7   not limited to the following:

8   • Oracle has requested the Court to find that Myriad has waived its right to arbitrate

9   by litigation conduct;[1]

10  • Myriad has moved to compel arbitration of the claims as to which arbitration was

11  denied in the September 1, 2011 Order; and

12  • Both parties have requested the Court to enter an order on the Ninth Circuit's

13  mandate.

14  WHEREAS, Myriad has asked the Sole Arbitrator to rule on Oracle's argument

15  concerning waiver by litigation conduct and Oracle has objected, on the basis that the Sole

16  Arbitrator has no jurisdiction to do so;

17  WHEREAS, the Sole Arbitrator has indicated that shortly after May 7, 2014, he will

18  communicate to the parties whether he takes the view that he has, or does not have, prima facie

19  jurisdiction to rule on Oracle's arguments concerning waiver by litigation conduct; and

20  WHEREAS, the parties have made an agreement by which they have (amongst other

21  things) agreed, and the Sole Arbitrator has accordingly entered an order with the consent of both

22  parties requiring, that the parties will file the following joint stipulation and to request that the

23  Court enter an order as follows:

24  THE PARTIES HEREBY STIPULATE as follows:

25  1.  The parties jointly request that, pending the dates set out in paragraph (2) below,

26  the Court refrain, for now, from (i) ruling upon Oracle's arguments regarding

27
28
---

[1]  Myriad maintains that, in its Briefs on Open Case Management Issues dated February 12, 2014, and February 26, 2014 (Dkts. 116 and 120), Oracle sought a further injunction relating to the Arbitration. Oracle maintains that it did not seek such a further injunction.  In any event, Oracle confirms that it is not presently seeking any such injunction.

2

waiver by litigation conduct; (ii) ruling upon Myriad's motion to compel arbitration; and (iii) entering an order upon the mandate of the Ninth Circuit Court of Appeals, on the grounds that the parties dispute whether the arbitral tribunal or the Court has jurisdiction to resolve the issue of waiver by litigation conduct, the parties are in the process of briefing this issue to the tribunal, and the tribunal has indicated that it will promptly consider this question.

2. The dates pending which the parties request the Court refrain from ruling and entering an order as aforesaid are as follows:

a. if the Sole Arbitrator takes the view that he does not have prima facie jurisdiction to determine Oracle's arguments concerning waiver by litigation conduct, a date falling 14 days after he communicates such view to the parties;

b. if the Sole Arbitrator takes the view that he does have prima facie jurisdiction to determine Oracle's arguments regarding waiver by litigation conduct, a date falling 44 days after his award or decision upon the hearing to determine his jurisdiction (insofar as it can be determined as a preliminary issue), currently scheduled to take place in July 2014; or

c. the date of any indication, direction, Order or award of the Sole Arbitrator in the meantime to the effect that Oracle may or should be released from the agreement.

/////

/////

/////

/////

/////

/////

/////

/////

3

Dated:  March 28, 2014

DLA PIPER LLP (US)

By:   /s/ Jeffrey M. Shohet
    JEFFREY M. SHOHET
    BROOKE KILLIAN KIM
    AMANDA FITZSIMMONS

Attorneys for Plaintiff
Oracle America, Inc.

Dated:  March 28, 2014

KING & SPALDING LLP

By:  /s/ Brian A. White
    GEOFFREY M. EZGAR
    SCOTT T. WEINGAERTNER
    BRIAN A. WHITE
    TIMOTHY J. SULLIVAN

Attorneys for Defendant
Myriad Group AG

O R D E R

PURSUANT TO STIPULATION,

IT IS SO ORDERED.

Date: _____

    Hon. Saundra Brown Armstrong
    U.S. District Court

4